UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                               :          CASE NO.  23-59198-WLH

:

BLOMQUIST BUILDERS GROUP, INC.,    :          CHAPTER 7

:

      Debtor.                      :

:

**TRUSTEE'S APPLICATION FOR APPOINTMENT OF ATTORNEYS**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Applicant**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Blomquist Builders Group, Inc. ("**Debtor**"), and files *Trustee's Application for Appointment of Attorneys* (the "**Application**"). In support of the Application, Trustee respectfully shows the Court:

**Introduction**

It is Trustee's business judgment that he needs to employ counsel in this matter. In this regard, Trustee requests authority to employ counsel to provide legal services to him regarding: the extent and nature of the Bankruptcy Estate's interest in a real properties owned by Debtor or once owned and transferred by Debtor; legal issues relating to Trustee's duty to "collect and reduce to money" property of the Bankruptcy Estate, including possible avoidance of Debtor's transfers of properties in accordance with applicable principles of Georgia law and the Bankruptcy Code; legal issues related to compelling Debtor to cooperate with Trustee, as necessary; and analysis of legal issues regarding claims and prosecution of contested matters regarding claims, if and when directed to take place by Trustee.

**Jurisdiction and Venue**

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408

and 1409(a).

**Background Facts and Relief Requested**

*a. General Facts and Available Assets*

2.

Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by

filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the

"**Bankruptcy Code**") on September 21, 2023 (the "**Petition Date**").

3.

Upon Debtor filing its voluntary bankruptcy petition, the Bankruptcy Estate was formed,

and it includes all Debtor's legal or equitable interests in property as of the commencement of the

Bankruptcy Case. *See* 11 U.S.C. § 541(a)(1).

4.

Contemporaneous with the filing of this Case, Debtor filed its schedules of assets and

liabilities (the **"Schedules"**) and its Statement of Financial Affairs (the "**SOFA**") [Doc. No. 1].

5.

According to Schedule A/B, Debtor stated that it has no ownership in any real property.

6.

According to the SOFA, Debtor had over $3 million in gross income in 2021 and over $1

million in gross income in 2022.  [Doc. No. 1 at p. 25 of 42].

7.

According to Schedule E/F, Debtor stated that its largest credtiors are Denise Chapman Mushegan and H. Alan Mushegan ("**Creditors**") with a scheduled claim of $975,000.00.  [Doc. No. 1 at p. 20 of 42].  Debtor's second largest scheduled claim is the claim of an insider, Jennifer Blomquist, in the amount of $573,041.00 [Doc. No. 1 at p. 21 of 42].

8.

According to the SOFA, Debtor is involved in litigation in the Superior Court of Cobb County Georgia styled as *Blomquist Builders Group, Inc. v. Denise Chapman Mushegan A/K/A Anita D. Chapman, And H. Alan Mushegan*, Civil Case Number: 18101356 (the "**Litigation**").

9.

In the Litigation, pleadings were filed by Creditors that alleged that Debtor made transfers of properties that are potentially avoidable under applicable principles of Georgia law.

11.

Trustee believes that he needs counsel to investigate transfers of properties by Debtor to determine if the transfers are avoidable under applicable principles of Georgia law and the Bankruptcy Code and to pursue such claims if the transfers are avoidable.

### c. Employment of Counsel

12.

To administer this Case in a proper, efficient, and economical manner, Trustee requires the services of legal counsel, and he wishes to employ the firm Rountree Leitman Klein & Geer LLC ("**RLKG**") to act as his attorneys in this case.  Indeed, because Trustee is not an attorney, it is imperative that Trustee employ counsel to assist him with the numerous legal tasks that will arise in this matter.  *See* 11 U.S.C. § 327(a) (stating that trustees may employ attorneys "to represent or assist the trustee in carrying out the trustee's duties . . . ." and providing no other basis to employ

attorneys); *In re Abraham*, 163 B.R. 772, 783 (Bankr. W.D. Tex. 1994) (stating "trustees are not attorneys (not even when it is an attorney functioning as the trustee).").

13.

The members and associates of RLKG are admitted to practice in this Court, have knowledge and experience in bankruptcy practice, and are well qualified to represent Trustee in this matter.  Attached as Exhibit "A" is the Rule 2014 Verification of RLKG.

14.

The current hourly billing rates of attorneys (as reduced) and paralegals who may render services in the Case follow:

| Attorney: | Standard Hourly Rate: |
|---|---|
| William A. Rountree | $595.00 |
| Will B. Geer | $595.00 |
| Michael J. Bargar | $535.00[1] |
| Hal Leitman | $495.00 |
| David S. Klein | $495.00 |
| Alexandra Dishun | $425.00 |
| Ceci Christy | $425.00 |
| William D. Matthews | $425.00 |
| Elizabeth Childers | $395.00 |
| Caitlyn Powers | $325.00 |

| Paralegals: | Standard Hourly Rate: |
|---|---|
| Elizabeth A. Miller | $250.00 |
| Sharon M. Wenger | $225.00 |
| Megan Winokur | $175.00 |
| Lisa Lawson | $175.00 |
| Catherine Smith | $150.00 |

Depending on need for particular experience or the exigencies of the Case, other attorneys may also provide services. The above rates may be increased during the term of the proposed

---

[1] In the exercise of its billing judgment, RLKG has voluntarily reduced Mr. Bargar's hourly rate from $535.00 to $500.00 per hour.  Depending on the complexities that arise in this matter, it reserves the right to request his actual hourly rate.

employment or if so awarded by the Court. *See, e.g., Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) (stating, "[i]n this circuit, where there is a delay the court should take into account the time value of money and the effects of inflation and generally award compensation at current rates rather than at historic rates.").

15.

Specifically, Trustee requests authority to employ counsel to provide legal services to him regarding: the extent and nature of the Bankruptcy Estate's authority to avoid transfers of property interests by Debtor; legal issues relating to Trustee's duty to "collect and reduce to money" property of the Bankruptcy Estate, including possible avoidance of transfers of property interests in accordance with applicable principles of Georgia law and the Bankruptcy Code; legal issues related to compelling Debtor to cooperate with Trustee, as necessary; and analysis of legal issues regarding claims and prosecution of contested matters regarding claims, if and when directed to take place by Trustee.

16.

The professional services, for which it is necessary that an attorney act, may also include:

(a) Preparation of pleadings and motions and conducting of examinations incidental to the administration of the Bankruptcy Estate;

(b) Legal services incidental to preservation and disposition of assets;

(c) Investigation, analysis, and appropriate legal action, if required, relative to any preference, fraudulent transfer, unperfected security interest, improper disposal of assets, prosecution of the Bankruptcy Estate's claims, or pending litigation;

(d) Any and all other necessary legal actions incident to the proper preservation and administration of the Bankruptcy Estate.

17.

Based on all the above, it is Trustee's business judgment that he should employ RLKG to assist him in this matter. *See e.g., McConnell*, 2021 WL 203331, at * 15 (Bankr. N.D. Ga. January 4, 2021) (Bonapfel, J.) (stating "trustees exercise discretion in the administration of estates, and bankruptcy courts properly defer to their business judgment in determining how to perform their duties."). The issue in this regard is whether a trustee "acts with requisite care, disinterestedness, and good faith in the effort to maximize value—rather than whether this or any other court would necessarily make the same business decision, on the one hand, or seek to maximize value in a different way, on the other." *In re Global Crossing, Ltd.*, 295 B.R. 726, 744 at FN 58, (Bankr. S.D.N.Y. 2003). In addition to the necessary legal tasks that will arise in this matter (as discussed in detail above), there are other very good business reasons that justify Trustee's employing counsel, including the fact that RLKG carries E&O coverage that will insulate the Bankruptcy Estate against claims for damage in the event something unfortunately goes awry in this matter.

18.

To the best of Trustee's knowledge, said firm's acting as attorneys in this Case will be in the best interest of the Bankruptcy Estate, Debtor, creditors, and all other parties in interest. To the best of Applicant's knowledge, and except as otherwise disclosed herein and in the Bankruptcy Rule 2014 Verification of Michael J. Bargar, the firm has no connection with Debtor, its creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Said firm does not hold or represent an interest adverse to the estate, does not represent any creditor or other known interested party, and is a disinterested person under 11 U.S.C. § 327(a), as that term is defined in 11 U.S.C. § 101(14). Disclosure is made, however, that Michael J. Bargar, a partner of the firm, has been appointed by the United States Trustee for Region 21 to act as panel trustee in the United States

Bankruptcy Court, Northern District of Georgia, Atlanta Division.  As a result, employees of RLKG regularly communicate with employees of the Office of the United States Trustee. Disclosure is also made that RLKG represents Trustee in other unrelated matters as special or general counsel.

19.

To expedite the marshalling and protecting of the Bankruptcy Estate's assets, RLKG has already performed certain legal services for the Bankruptcy Estate or plans to perform such services, which may be rendered prior to the signing of any order resulting from this Application.

20.

Trustee proposes that RLKG be compensated for its services in accordance with future orders of the Court based upon the criteria for professional compensation required by bankruptcy law. No compensation will be paid by Trustee to said law firm except upon application to and approval by the Court after notice and hearing as required by law.

[INTENTIONALLY LEFT BLANK]

WHEREFORE, Trustee prays that Trustee be authorized to employ RLKG as his attorney

in this Case and that the Court grant such other and further relief deemed just and proper.

Respectfully submitted this ___ day of October, 2023.

_____
S. Gregory Hays
Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305
(404) 926-0060

*Proposed Attorneys for Trustee*:

ROUNTREE LEITMAN KLEIN & GEER, LLC

By:/s/ *Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

## EXHIBIT "A"

## RULE 2014 VERIFICATION WITH REGARD TO
## EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1.      I am a partner with the law firm of Rountree Leitman Klein & Geer, LLC, with offices at Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, GA 30329 (the "**Firm**" or "**RLKG**").

2.      S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Blomquist Builders Group, Incl (the "**Debtor**"), has asked the Firm to represent him as Trustee in this case.

3.      To the best of my knowledge, the Firm has no connection with the Debtor, its creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Said Firm does not hold or represent an interest adverse to the estate, does not represent any creditor or other known interested party, and is a disinterested person under 11 U.S.C. § 327(a), as that term is defined in 11 U.S.C. § 101(14). Disclosure is made, however, that Michael J. Bargar, a partner of the firm, has been appointed by the United States Trustee for Region 21 to act as a panel trustee in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division.  As a result, employees of RLKG regularly communicate with employees of the Office of the United States Trustee.  In addition, RLKG represents S. Gregory Hays, in his capacity as trustee in unrelated matters.  Disclosure is also made that Michael J. Bargar, a partner of the Firm, William D. Matthews, an attorney of the Firm, and Elizabeth A. Miller, a paralegal of the Firm worked at Lamberth Cifelli Ellis & Nason, P.A. (which, upon information and belief, represents a creditor in Debtor's bankruptcy case) before Debtor's bankruptcy case was filed and before the representation of the Debtor's creditor began.

4.      The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 24th day of October, 2023.

By:  */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing *Trustee's Application for Appointment of Attorneys* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Evan Altman
evan.altman@laslawgroup.com

Office of the United States Trustee
ustpregion21.at.ecf@usdoj.gov

S. Gregory Hays
ghays@haysconsulting.net
saskue@haysconsulting.net
GA32@ecfcbis.com

G. Frank Nason, IV fnason@lcenlaw.com,
NasonFR86494@notify.bestcase.com;rstuder@lcenlaw.com

This is to further certify that I have this day served the *Trustee's Application for Appointment of Attorneys* by first class, United States mail, with postage prepaid fully thereon, to the following parties:

Blomquist Builders Group, Inc.
Attn: Jennifer Blomquist
3478 Rabbit Run
Acworth, GA 30101

This 24th day of October, 2023.

/s/ *Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709