UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 23-59198-WLH |
| | : | |
| BLOMQUIST BUILDERS GROUP, INC., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**TRUSTEE'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO VOLUNTARILY DISMISS CHAPTER 7 CASE OR FOR COURT TO ABSTAIN**

COMES NOW S. Gregory Hays, as Chapter 7 trustee ("**Trustee**" or "**Applicant**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Blomquist Builders Group, Inc. ("**Debtor**"), and files *Trustee's Response in Opposition to Debtor's Motion to Voluntarily Dismiss Chapter 7 Case or for Court to Abstain* (the "**Response**"). In support of the Response, Trustee respectfully shows:

**Introduction**

Nearly four (4) months after filing its voluntary corporate Chapter 7 petition and receiving the benefit of the automatic stay during that four-month period, Debtor has filed its *Motion to Voluntarily Dismiss Chapter 7 Case or for Court to Abstain* (Doc. No. 18, the "**Motion**"), apparently realizing that Trustee would likely liquidate certain real properties it originally believed were out of Trustee's reach. In other words, in a complete about face since voluntarily filing this case, Debtor effectively claims that it has standing to dismiss its own voluntary petition due to Debtor's bad faith (as explained below, a two-party dispute is a basis to dismiss a case that a debtor filed in bad faith). Put simply, Debtor's Motion is a disguised effort to continue to engage in forum shopping involving litigation with Debtor's major creditor and an effort to avoid having Trustee, as a fiduciary, investigate the Debtor's affairs, liquidate assets, and potentially pursue claims that are available only to Trustee in the bankruptcy venue.

The Court should not condone Debtor's gamesmanship, and it should deny the Motion for two reasons. First, the former managers of a corporate Chapter 7 debtor lack corporate authority to seek dismissal over the objection of a Chapter 7 trustee. And, because Trustee objects to the dismissal of this case, the Court should deny the Motion. Second, and even if the Court finds that the corporate Chapter 7 Debtor may seek dismissal of its own case, there is no cause to dismiss.

**Jurisdiction and Venue**

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**Background Facts**

***a. General Facts***

2.

Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on September 21, 2023 (the "**Petition Date**").

3.

Upon Debtor filing its voluntary bankruptcy petition, the Bankruptcy Estate was formed, and it includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case. *See* 11 U.S.C. § 541(a)(1).

4.

Contemporaneous with the filing of this Case, Debtor filed its schedules of assets and liabilities (the **"Schedules"**) and its Statement of Financial Affairs (the "**SOFA**") [Doc. No. 1].

5.

According to its original Schedule A/B, Debtor stated that it has no ownership in any real property.

6.

According to its SOFA, Debtor had over $3 million in gross income in 2021 and over $1 million in gross income in 2022. [Doc. No. 1 at p. 25 of 42].

7.

According to its Schedule E/F, Debtor stated that its largest creditors are Denise Chapman Mushegan and H. Alan Mushegan (the "**Creditors**") with a scheduled claim of $975,000.00. [Doc. No. 1 at p. 20 of 42]. Debtor's second largest scheduled claim is the claim of an insider, Jennifer Blomquist, in the amount of $573,041.00 [Doc. No. 1 at p. 21 of 42].

8.

According to its SOFA, Debtor is involved in litigation in the Superior Court of Cobb County Georgia styled as *Blomquist Builders Group, Inc. v. Denise Chapman Mushegan A/K/A Anita D. Chapman, And H. Alan Mushegan*, Civil Case Number: 18101356 (the "**Litigation**").

9.

According to the Motion, Debtor and the Creditors were parties to a New Construction Contract for the Purchase and Sale of Residential Real Property, dated April 27, 2016 (the "**Construction Contract**") for the Debtor to construct a home for the Creditors (the "**Home**") at an address of 5020 Pindos Trail, Powder Springs, Georgia, 30127 (the "**Property**"). Motion at ¶¶ 3-4.

10.

Debtor commenced the Litigation, according to the Motion, on or about February 23, 2018,[1] when the Debtor sued the Creditors for defamation (after the Creditors created a website to publish statements or allegations concerning work that had been done to the Home and on the Property). Motion at ¶¶ 5-7.

11.

According to the Motion, the Creditors filed their Answer and Counterclaim in the Litigation more than two years later on September 20, 2020 – which was after the completion of discovery in the Litigation. Motion at ¶9. However, to be clear, upon review of the record in the Litigation, the Creditors filed their original answer and a counterclaim against the Debtor (only) on April 20, 2018. [*Blomquist Builders Group, Inc. v. Mushegan, et al.*, Civil Action No. 18-101356, Doc. No. 15, April 20, 2018].

12.

Although Debtor was the party who commenced the Litigation as Plaintiff (seeking damages for defamation), Debtor did not list any causes of action against third parties as assets in its schedules. *See* Doc. No. 1 at p. 16 of 42 (response to Item No. 74).

13.

In the Litigation, Creditors sought to reopen discovery and to add Debtor's principal, Jennifer Blomquist, as a party and to raise claims against her, including alter ego claims. The Creditors' motion to add parties and to reopen discovery was denied by the Cobb County Superior Court Judge.

---

[1] Upon information and belief, after the Creditors asserted a counterclaim against the Debtor, the principals of the Debtor caused the Debtor to transfer the majority of its assets to another entity owned or controlled by the principals. In addition to possibly liquidating the real properties described in paragraph 14 of this Response, Trustee is also investigating Chapter 5 avoidance actions as to these transfers along with other transfers out of the Debtor.

14.

Even though Debtor scheduled no real properties or other meaningful assets, an investigation conducted by Trustee and his counsel revealed that Debtor owns at least four properties, and, only after Debtor learned of Trustee's discoveries, Debtor filed amended Schedules to list ownership in those properties. *See* Doc. No. 11 (the "**Amended Schedules**") at p. 8 of 19.

15.

Also in the Amended Schedules, Debtor added (for the first time) insider Blake Blomquist as a creditor with an unliquidated claim of $420,000.00 and a reference to the claim being "Potentially Secured." Amended Schedules at p. 13 of 19.

***b. Filed Claims***

16.

As of the date of the filing of this Response, there is one claim filed against the Bankruptcy Estate: the claim of the Creditors in the amount of $1,254,863.06 and filed as a non-priority, general unsecured claim.

***c. The Motion to Dismiss***

17.

On January 18, 2024 (nearly four months after the Petition Date), Debtor filed its Motion in which, *inter alia*, Debtor asserts that it filed the Petition "with the misunderstanding that it would bring an end to the [Litigation] and Counterclaims in which Debtor is both a plaintiff and counterclaim defendant" (Motion at ¶12) and that "[t]his Case is essentially a two-party dispute" (Motion at ¶33).

18.

Debtor asserts that dismissal of the Case would "vitiate the need for Debtor to respond to Rule 2004 discovery in this Case. Rule 2004 discovery could be used as an attempt to circumvent the closed discovery period in the [Litigation]." Motion at ¶25.

**Relief Requested**

19.

Trustee requests an order denying the Motion.

**Argument and Citation of Authority**

***a. No Corporate Authority***

The first dispositive reason the Court should deny the Motion is because the corporate Chapter 7 Debtor lacks standing to seek dismissal of its own Case as a result of Trustee's appointment. When a Chapter 7 trustee is appointed for a corporate debtor, the corporation's former officers are "completely ousted," and the management of the debtor is vested solely in the Chapter 7 trustee. *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 352-353 (1985). Consider the matter of *C.W. Mining Co. v. Aquila, Inc. (In re C.W. Mining Co.)*, 636 F.3d 1257 (10th Cir. 2011). In that matter, an involuntary corporate chapter 11 case was converted to chapter 7 on a creditor's motion. The debtor, through its former managers, opposed the motion and filed an appeal on behalf of the debtor following conversion. The chapter 7 trustee moved to dismiss the appeal, arguing that the former managers no longer had authority to act on the debtor's behalf. *C.W. Mining*, 636 F.3d at 1259.

20.

The Tenth Circuit Court of Appeals held that former managers of a chapter 7 corporate debtor lack authority to bring an appeal on behalf of the debtor corporation over the objection of the chapter 7 trustee. *Id.* at 1265. The circuit court said the question was not whether the debtor

had standing as a "person aggrieved," but whether debtor's former managers had corporate authority to appeal on debtor's behalf in light of the trustee's appointment. *Id*. at 1261. The circuit court carved out three exceptions to its ruling. First, corporate managers in a chapter 11 case being converted to chapter 7 may file an appeal on the debtor's behalf prior to the appointment of the trustee. Second, the rule does not apply to individual chapter 7 debtors because corporate law is not applicable in such cases. Third, former managers can appeal a bankruptcy court order "in their own right" if they qualify as "persons aggrieved." *Id*. at 1265-66.

21.

The reasoning of the court in *C.W. Mining* applies here, and none of the exceptions enumerated by that court are present here. In short, as a result of Trustee's objection to the dismissal of this Case, the Court should deny the Motion.

***b. No Cause to Dismiss***

22.

Second, and irrespective of the Court's determination regarding the Debtor's authority to seek dismissal over Trustee's objection, the Court should deny the Motion because no cause exists to dismiss the Case. Trustee and Debtor agree that "a debtor has no absolute right to a voluntary dismissal under Section 707(a), [but that] a Court may grant the Debtor's request with an adequate showing of cause.'" Motion at ¶21 (citing *In re Mercer*, 2010 Bankr. LEXIS 4693, *4 (Bankr. M.D. Ga. Dec. 16, 2010)).

23.

Indeed, "Chapter 7 bankruptcy is not something that you can dip your toe into in order to check the temperature of the water. It is something that you jump into and can only be rescued from if you show cause." *In re Dream Street, Inc.*, 221 B.R. 724, 725-726 (Bkrtcy.W.D.Tex. 1998). "While the debtor may choose to place himself in bankruptcy by filing a petition with this

Court to commence his case, he does not have the same degree of discretion in deciding whether he will terminate the proceedings once they are started." *In re Blackmon*, 3 B.R. 167, 169 (Bankr. S.D. Ohio 1980); *see also In re Todd*, 2015 Bankr. LEXIS 2844, *10-11 (Bankr. N.D. Ga. August 6, 2015) (Ellis-Monro, J.) (*citing* to 11 U.S.C. § 707(a)).

24.

"Unlike under Chapter 13, the debtor has no absolute right to dismissal[2] of a Chapter 7 case (citations omitted). In order to succeed in a motion to dismiss, the debtor must make a showing of cause and demonstrate why dismissal is justified. (citations omitted). Even if the debtor can show cause, the court should deny the motion if there *is any showing of prejudice to creditors*." *In re Turpen*, 244 B.R. 431 (8th Cir. BAP 2000) (emphasis added); *see also In re Misty Mountain*, 270 B.R. 53 (W.D.Va. 2001); *In re Stephenson*, 262 B.R. 871 (Bankr. W. D. Okla. 2001).

25.

A debtor (or the movant) carries the burden to prove cause for dismissal under Section 707(a). *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 743 (11th Cir. 2000). And, a finding of cause is "committed to the sound discretion of the bankruptcy court." *In re Smith*, 507 F.3d 64, 73 (2d Cir. 2007) (*quoting In re Hull*, 339 B.R. 304, 308 (Bankr. E.D.N.Y. 2006)).

26.

Based on the facts set forth above, Debtor filed this Case to engage in forum-shopping and became unhappy (really, its principals became unhappy) when: (a) Trustee commenced

---

[2] There is no binding precedent from the Eleventh Circuit whether a Chapter 13 debtor has an absolute right to dismiss her bankruptcy case, and several lower courts have expressed the view that such a right is qualified by the debtor's good faith and abuse of the bankruptcy process. *See In re Christopher Spann*, 2021 Bankr. LEXIS 3037, at *3-4 (Bankr. N.D. Ga. November 3, 2021) (Sacca, J.) (*citing In re Jones*, 231 B.R. 110 (Bankr. N.D. Ga. 1999) and *In re Letterese*, 397 B.R. 507 (Bankr. S.D. Fla. 2008)).

investigating the Debtor's affairs and located assets of the Debtor; and (b) the Creditors sought to conduct Rule 2004 examinations of the Debtor.

27.

Debtor now seeks to second-guess its own forum-shopping efforts and return to the Litigation in the Cobb County Superior Court.

28.

Trustee's counsel intends to attend the Rule 2004 examinations conducted by counsel for the Creditors, and, of course, Trustee can conduct his own Rule 2004 examinations. Debtor appears to admit that Debtor's principals would prefer to avoid any Rule 2004 discovery (Motion at ¶25), but, unfortunately for the Debtor's preferences, the Debtor has a duty to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties." *See* 11 U.S.C. § 521(a)(3).

29.

Debtor asserts: "Where a bankruptcy case is "essentially a two-party dispute" courts have found that the bankruptcy does not serve a bankruptcy purpose. *In re Posner*, 610 B.R. 586, 592 (Bankr. N.D. Ill. 2019)." Motion at ¶32. However, Debtor fails to point out that the "two-party dispute" issue is one of the elements of a "bad faith" filing that can be raised by a creditor to seek dismissal of a bankruptcy case or, in the case of a secured creditor, relief from the automatic stay. *See In re Piazza*, 719 F.3d 1253 (11th Cir. 2013).

30.

While any creditor, the Creditors, the Trustee, or the United States Trustee could have sought dismissal of the Case based upon the Debtor's bad faith (including the bad faith indicator of a "two-party dispute"), the Debtor should not be rewarded for its forum-shopping efforts and

be heard to seek dismissal of its own case based upon the Debtor's own implicit assertion that it filed the case in bad faith.

31.

Consider next the plain language of the Bankruptcy Code along with the best interests of creditors. Section 707 of the Bankruptcy Code governs dismissal of chapter 7 liquidation cases. In particular, Section 707(a) states that a court may dismiss a case after notice and hearing only "for cause." When a debtor in chapter 7 seeks to dismiss his own case, he does not have an absolute right to voluntarily dismiss his bankruptcy case, he must show cause for his dismissal. *In re Maixner*, 288 B.R. 815, 817 (8th Cir. BAP 2003); *In re Simmons*, 200 F.3d 738, 743 (11th Cir. 2000) (the burden to show cause in a Section 707(a) action is on the moving party). However, even if a debtor does show cause, the bankruptcy court should deny the motion to dismiss if there is any showing of prejudice to creditors. *Maixner*, at 817; citing *In re Turpen*, 244 B.R. 431, 433 (8th Cir. BAP 2000); In re Leach, 130 B.R. 855, 857 (9th Cir. BAP 1991). *See also In re Fultz*, 17 Fla. L. Weekly Fed. B 86, 2004 Bankr. LEXIS 195 (Bankr. N.D. Fla 2004).

32.

Voluntary dismissal may be inappropriate where a debtor "has no ability to pay his creditors upon dismissal." *In re Bruckman*, 413 B.R. 46, 53 (Bankr. E.D.N.Y. 2009).

33.

On at least two occasions, Debtor claims that it filed the Case with the "misunderstanding" that filing the Case would bring an end to the Litigation and Counterclaims. *See* Motion at ¶¶ 12, 29. A similar argument was raised and rejected in the case of *In re Segal*, 527 B.R. 85 (Bankr. E.D.N.Y. 2015). In *Segal*, the debtor testified that his attorney did not explain the differences between the chapters of the Bankruptcy Code and that he [the Debtor] did not authorize a Chapter 7 petition. The Court addressed these issues and made findings that a debtor may not selectively

disengage from a Chapter 7 proceeding when it does not like the trajectory of the matter. More particularly, the court in *Segal* stated:

> **[A] debtor is not at liberty to selectively disengage from the chapter 7 bankruptcy processes.** Other than Mr. Segal's conclusory pronouncements, the record is devoid of any indication, let alone evidence, that the Debtor has the ability to repay his creditors in full outside of bankruptcy. A debtor's "fresh start" begins with an honest accounting of his financial affairs. *See Grogan v. Garner*, 498 U.S. 279, 287, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991) (Bankruptcy affords a "new beginning to the 'honest but unfortunate debtor.'") (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S. Ct. 695, 78 L. Ed. 1230 (1934))…. **Granting the Motion to Dismiss would condone, and even reward, the Debtor's behavior**.

*In re Segal*, 527 B.R. 85, 94 (Bankr. E.D.N.Y. 2015)(emphasis added).

34.

In addition to the above arguments, Creditors may be prejudiced where the debtor moves to dismiss after a "considerable amount of time" has passed. *In re Schwartz*, 58 B.R. 923, 925 (Bankr. S.D.N.Y. 1986). Thus, a bankruptcy case should not be dismissed if the purpose of the petition was to forestall creditors, and the debtor moves to dismiss after attaining such delay. *Bruckman, supra*, 413 B.R. at 50. *See also In re Segal*, 527 B.R. 85, 94-95 (Bankr. E.D.N.Y. 2015) ("The Debtor filed the Original Petition for the express purpose of staying the foreclosure sale; he did not intend to prosecute the bankruptcy case. The Debtor waited 142 days to move for dismissal. During that interval, he continued to benefit from the automatic stay…. Thus, the Court finds that the Debtor's delay intentionally frustrated creditors and prejudiced the estate.").

35.

Prejudice to creditors of the Debtor may also exist because Trustee can potentially pursue causes of action that cannot be pursued by any creditor outside of bankruptcy. The Creditors have already been held to be precluded from pursuing alter ego claims by state court rulings, but, in appropriate circumstances, Trustee can pursue alter ego claims belonging to the estate. *See Baillie Lumber Co., LP v. Thompson*, 344 B.R. 788, 790 (11th Cir. 2005) (under Georgia law, an alter ego

action is property of the bankruptcy estate if the claim is a general claim that is common to all creditors).

36.

Finally, in the Motion, Debtor suggests (without substantiation) that "Debtor is listed as the owner on the real estate records of four parcels of real property that are subject to a purchase money resulting trust for the benefit of Blake Blomquist ("Blake"). Through two notes made between Debtor and Blake, in the amounts of roughly $2,750,000.00 and $1,570,730.50, Blake sent all of the funds required to close on Debtor's real estate to the closing agent for Blake's eventual benefit." Motion at ¶37. Debtor did not attach the "two notes" it references and makes no other showing of a "resulting trust" other than quoting from the applicable statute (O.C.G.A. § 52-12-131). Instead, Debtor baldly alleges: "Creditors cannot benefit from the liquidation of Debtor's real property because Debtor's estate has a subordinate interest in that property to Blake." Motion at ¶38.

37.

The short response to Debtor's assertion of a resulting trust is that, under Georgia law, a Chapter 7 trustee's position as a hypothetical bona fide purchaser defeats any unrecorded equitable interest in real estate. *See Anderson v. Briglevich*, 147 B.R. 1015, 1021-22 (Bankr. N.D. Ga. 1992); *Pettie v. Brannon (In re Brannon)*, 584 B.R. 417, 422-23 (Bankr. N.D. Ga. 2018).

38.

Indeed, Debtor's mere assertion of a purchase money resulting trust reveals yet another reason to deny the Motion. Trustee can defeat the unrecorded equitable interest allegedly held by

Blake Blomquist – a remedy not available to creditors outside of bankruptcy. Put simply, for yet another reason the Debtor's creditors would be prejudiced by dismissal of the Case.[3]

39.

In summary, the Court should reject Debtor's assertion that Blake Blomquist has a resulting trust and that, therefore, no meaningful distribution to creditors of the Debtor is possible. Not only is a meaningful distribution possible, it is highly likely.

WHEREFORE, Trustee prays that the Court deny the Motion to Dismiss and the Court grant such other and further relief as it considers just and proper.

Respectfully submitted this 2nd day of February, 2024.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
mbargar@rlkglaw.com
William D. Matthews
Georgia Bar No. 470865
wmatthews@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

---

[3] Debtor's Motion also requests that this Court dismiss the Case for purposes of abstention pursuant to Section 305(a)(1) because the Case involves a two-party dispute that does not serve a bankruptcy purpose. Motion at ¶¶ 31-33, 40. For the reasons set forth above, a bankruptcy purpose is served based upon Trustee's standing to potentially pursue claims that are available only to Trustee in the bankruptcy venue.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing *Trustee's Response in Opposition to Debtor's Motion to Voluntarily Dismiss Chapter 7 Case or for Court to Abstain* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Evan Altman
evan.altman@laslawgroup.com

Office of the United States Trustee
ustpregion21.at.ecf@usdoj.gov

G. Frank Nason, IV fnason@lcenlaw.com,
NasonFR86494@notify.bestcase.com;rstude
r@lcenlaw.com

S. Gregory Hays
ghays@haysconsulting.net
saskue@haysconsulting.net
GA32@ecfcbis.com

Leslie M. Pineyro
lpineyro@joneswalden.com

This is to further certify that I have this day served the *Trustee's Response in Opposition to Debtor's Motion to Voluntarily Dismiss Chapter 7 Case or for Court to Abstain* by first class, United States mail, with postage prepaid fully thereon, to the following parties:

Blomquist Builders Group, Inc.
Attn: Jennifer Blomquist
3478 Rabbit Run
Acworth, GA 30101

This 2nd day of February, 2024.

/*s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709