**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**BLOMQUIST BUILDERS GROUP INC.,**<br><br>**Debtor.** | **CHAPTER 7**<br><br>**CASE NO. 23-59198-WLH** |

**JOINT MOTION FOR REFERRAL TO MEDIATION**

COME NOW Jeniffer Blomquist ("Ms. Blomquist"), Blake Blomquist ("Blake Blomquist"), Gregory Hayes, as Chapter 7 trustee (the "Trustee"), and H. Alan Mushegan ("Mr. Mushegan") and Denise Mushegan ("Ms. Mushegan", together with Mr. Mushegan, the "Mushegans") and request the appointment of the next available Bankruptcy Judge to mediate the above-styled dispute in the Bankruptcy Case, and respectfully show the Court as follows:

1. Blomquist Builders Group Inc. ("Debtor") initiated this Case by filing a voluntary petition (the "Petition") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on September 21, 2023 (the "Petition Date").

2. Debtor is a Georgia corporation. Prior to the Petition Date, Debtor built and sold custom homes for its clients (the "Business").

3. Debtor and H. Alan Mushegan ("Mr. Mushegan") and Denise Mushegan ("Ms. Mushegan", together with Mr. Mushegan, the "Mushegans") were parties to a *New Construction Contract for the Purchase and Sale of Residential Real Property*, dated April 27, 2016 (the "Construction Contract").

4. A dispute arose between Debtor and the Mushegans concerning *inter alia* the Construction Contract (the "Dispute").

5. On or about February 23, 2018, Debtor sued the Mushegans and Anita D. Chapman (the "Cobb Defendants") for defamation in the Superior Court for Cobb County, Civil Action File No. 18101356 (the "Cobb Lawsuit").

6. On or about September 22, 2020, the Mushegans filed an *Answer, Defenses, and Counterclaim*, in the Cobb Lawsuit, which asserted counterclaims against Debtor (the "Counterclaims").

7. On January 18, 2024, a *Motion to Voluntarily Dismiss Chapter 7 Case or for Court to Abstain (*the "Dismissal Motion") was filed by Debtor[1] and subsequently joined by Ms. Blomquist and Mr. Blomquist.

8. The Muschegans and Trustee oppose the Dismissal Motion.

9. On February 13, 2024, the Court held a hearing on the Dismissal Motion which was continued to March 13, 2024 (the "Continued Motion to Dismiss Hearing") to allow the parties to continue to confer.

10. The Parties to this Mediation Motion wish to explore the possibility of settlement on the matters in this Bankruptcy Case including the Motion to Dismiss and the claims asserted by Debtor and the Mushegans in the Cobb Lawsuit.

11. The Parties are aware of other instances where mediation has been approved by the Court and a settlement has been reached. Other bankruptcy judges have served as mediators in this district and assisted parties with resolving issues without the need for further litigation.

12. The Parties believe these matters could potentially be resolved through mediation.

13. The Parties are willing to consent to mediation by another bankruptcy judge. The Parties request mediation with Bankruptcy Court Judge Mary Grace Diehl or such other Bankruptcy Judge in this District that could hold the mediation in the month of March 2024 if possible.

14. Ms. Blomquist, Blake Blomquist, the Trustee, and the Debtor request the Continued Motion to Dismiss Hearing be continued to a date in early April 2024. The Mushegans do not object to such requested relief.

---

[1] The Trustee disputes Debtor's standing to file the Motion.

15. Attached to this Joint Motion as Exhibit "A" is a proposed Consent Order approving this Joint Motion.

WHEREFORE, the Parties request that the Court enter an order authorizing mediation of this matter and granting such other and further relief as appropriate.

Respectfully submitted this 13th day of March, 2024.


**JONES & WALDEN LLC**

*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
699 Piedmont Avenue, N.E.
Atlanta, Georgia 30308
(404) 564-9300
lpineyro@joneswalden.com
Attorney for Debtor

**Consented to by:**

*/s/ Ian M. Falcone*
Ian M. Falcone
GA Bar No.: 254470
Attorney for Blake Blomquist
THE FALCONE LAW FIRM, PC
363 Lawrence Street
Marietta, GA 30060
770-426-9359
imf@falconefirm.com

**Consented to by:**

**BURKHALTER LAW, LLC**

*/s/ David C. King*
David C. King
Georgia Bar No. 422220
900 Circle 75 Parkway, Suite 950
Atlanta, Georgia 30339
Telephone: (678) 823-8133
david@burkhalterlawllc.com
*Counsel for Creditors Denise Chapman Mushegan and H. Alan Mushegan*

**Consented to by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

By: *_/s/ Michael J. Bargar_*
Michael J. Bargar
Georgia Bar No. 645709
mbargar@rlkglaw.com
404-410-1220
Century Plaza I Clairmont Road, Suite 350
Atlanta, Georgia 30329
Attorney for Gregory Hays, as Chapter 7
trustee

**Exhibit "A" Follows**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**BLOMQUIST BUILDERS GROUP INC.,**<br><br>**Debtor.** | **CHAPTER 7**<br><br>**CASE NO. 23-59198-WLH** |

**ORDER DIRECTING MEDIATION**

The Parties requested that the Court authorize and order them to participate in mediation with regard to the issues in this bankruptcy case, including the Motion to Dismiss and the claims and counterclaims in the Cobb Lawsuit. It appears that the most productive form of mediation is to designate a current bankruptcy judge, with no assignment or responsibility for these proceedings, as a settlement judge to serve as a neutral mediator and that Bankruptcy Judge ________________ is qualified and suitable to serve in that capacity.

Accordingly, for good cause shown, it is hereby **ORDERED** as follows:

1. The parties to this proceeding shall mediate the issues and disputes presented in these proceedings. Bankruptcy Judge ______________ is designated as a settlement judge with regard to this matter for the purpose of conducting mediation proceedings as the neutral mediator. Such mediation shall be conducted at a time and place and in accordance with procedures mutually agreed upon by the parties and the settlement judge. The parties or their representatives with full authority to settle any or all issues in the bankruptcy case, including the Motion to Dismiss

and the claims and counterclaims in the Cobb Lawsuit, shall appear and participate in good faith in such mediation session.

2. Because Judge ________________ will be serving as the neutral mediator in this matter and because the nature of the mediation process requires ex parte contacts and communications between the neutral mediator and each of the sides, the prohibitions of Fed. R. Bankr. P. 9003 do not apply to communications among the parties, their attorneys, and Judge __________ in connection with the mediation proceedings. The parties and their attorneys may, therefore, have ex parte communications with Judge ___________ in his capacity as the neutral mediator in connection with the mediation proceedings.

3. Except as provided in this paragraph, all communications made by the parties or their attorneys to each other or to Judge ___________ in connection with the mediation process, the conduct and demeanor of the parties and their counsel during the mediation, and any documents prepared or produced in connection with the mediation process, including Judge ________________'s notes or records, shall be confidential and shall not be admissible in evidence or the subject of any discovery in any proceeding (unless admissible or discoverable without regard to the mediation). The mediation sessions and any conferences or proceedings in connection therewith shall be treated as compromise negotiations for purposes of the Federal Rules of Evidence, the Georgia Rules of Evidence, or any rules of evidence of any other jurisdiction. No record will be maintained after conclusion of the mediation proceedings other than Judge ___________________'s notes and notes of the participating attorneys and parties. Judge ______________ is disqualified from appearing as a witness in any matter, and shall not be called as a witness, with regard to the mediation or any matter arising out of or related thereto, except as follows: The parties agree that each side will appear on time for the mediation session with their counsel of record; that they will participate in good faith and that they will continue sincere efforts to mediate in good faith for a minimum time frame of two (2) hours. If any of the details in this "exception" clause are not met by either side, Judge _______________shall have the

authority to report same to the Court's attention in his mediation report. Following either (1) Court approval of a settlement or (2) the Court's receipt of the mediator's report, which report announces an impasse but does not assert that any party failed to participate in the mediation in good faith, Judge _________________ may destroy his mediation notes.

**End of Order**

**Prepared & Presented by:**
**JONES & WALDEN LLC**
*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
699 Piedmont Avenue, N.E.
Atlanta, Georgia 30308
(404) 564-9300
lpineyro@joneswalden.com
Attorney for Debtor

**Consented to by:**

_________________
Ian M. Falcone
GA Bar No.: 254470
Attorney for Blake Blomquist
THE FALCONE LAW FIRM, PC
363 Lawrence Street
Marietta, GA 30060
770-426-9359
imf@falconefirm.com

**Consented to by:**

**BURKHALTER LAW, LLC**

______________________
David C. King
Georgia Bar No. 422220
900 Circle 75 Parkway, Suite 950
Atlanta, Georgia 30339
Telephone: (678) 823-8133
david@burkhalterlawllc.com
*Counsel for Creditors Denise Chapman Mushegan and H. Alan Mushegan*

**Consented to by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**
Attorneys for Trustee

By:___________________
Georgia Bar No. 645709
mbargar@rlkglaw.com
Michael J. Bargar
404-410-1220
Century Plaza I Clairmont Road, Suite 350
Atlanta, Georgia 30329
Attorney for Gregory Hays, as Chapter 7 trustee

**Distribution List:**

Leslie M. Pineyro, Jones & Walden LLC, 699 Piedmont Avenue NE, Atlanta, GA 30308

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**BLOMQUIST BUILDERS GROUP INC.,**<br><br>**Debtor.** | **CHAPTER 7**<br><br>**CASE NO. 23-59198-WLH** |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing Motion was electronically filed using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the Motion to the following parties who have appeared in these cases under the Bankruptcy Court's ECF Program:

- **Evan M. Altman** evan.altman@laslawgroup.com, soraya.hedjazi@laslawgroup.com
- **Michael J. Bargar** mbargar@rlkglaw.com, GA67@ecfcbis.com;emiller@rlkglaw.com; wmatthews@rlkglaw.com;mbargar@ecf.courtdrive.com;emillerrlkg@ecf.courtdrive.com
- **Ian M. Falcone** legalassistant@falconefirm.com
- **S. Gregory Hays** ghays@haysconsulting.net, saskue@haysconsulting.net; GA32@ecfcbis.com
- **David King** david@burkhalterlawllc.com
- **G. Frank Nason** fnason@lcenlaw.com, NasonFR86494@notify.bestcase.com; rstuder@lcenlaw.com
- **Office of the United States Trustee** ustpregion21.at.ecf@usdoj.gov

This 13th day of March, 2024.

**JONES & WALDEN LLC**

*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Attorney for Debtor
699 Piedmont Ave NE
Atlanta, GA 30308
(404) 564-9300
lpineyro@joneswalden.com