UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 23-59198-SMS |
| BLOMQUIST BUILDERS GROUP, INC., | : | CHAPTER 7 |
| Debtor. | : | |
| | : | |
| S. GREGORY HAYS, Chapter 7 Trustee for Blomquist Builders Group, Inc. | : | |
| Plaintiff, | : | |
| v. | : | ADV. PRO. NO. |
| BLAKE BLOMQUST and BLOMQUIST HOLDINGS, LLC, | : | |
| Defendants. | : | |

**COMPLAINT**

COMES NOW S. Gregory Hays, as Chapter 7 trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Blomquist Builders Group, Inc. ("**Debtor**"), through undersigned counsel, and files this *Complaint* against Blake Blomquist ("**Mr. Blomquist**") and Blomquist Holdings, LLC ("**Blomquist Holdings**" and together with Mr. Blomquist, the "**Defendants**"), and respectfully shows:

**Jurisdiction and Venue**

1. This Court has jurisdiction of the subject matter of this proceeding under 28 U.S.C. §§ 157 and 1334 and under the provisions of 28 U.S.C. §§ 2201 and 2202 and Bankruptcy Rules 7001(2) and (9).

2. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157.

3. Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises in the Chapter 7 bankruptcy case of the Debtor, Case No. 23-59198-SMS (the "**Bankruptcy Case**" or "**Case**"), pending in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "**Bankruptcy Court**").

4. This adversary proceeding is initiated under Rule 7001 of the Federal Rules of Bankruptcy Procedure.

5. Defendants are subject to the jurisdiction of this Court and may be served under Rule 7004 of the Federal Rules of Bankruptcy Procedure by first class United States Mail.

6. Trustee consents to the entry of final orders or judgment by the Bankruptcy Court pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

**Statement of Facts**

7. Debtor initiated the Bankruptcy Case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on September 21, 2023 (the "**Petition Date**").

8. Trustee is the duly acting Chapter 7 trustee in the Bankruptcy Case.

9. Contemporaneous with the filing of this Case, Debtor filed its schedules of assets and liabilities (the **"Schedules"**) and its Statement of Financial Affairs (the "**SOFA**") [Doc. No. 1].

10. According to its original Schedule A/B, Debtor stated that it has no ownership in any real property.

11. Even though Debtor scheduled no real properties or other meaningful assets, an investigation conducted by Trustee and his counsel revealed that Debtor owns at least three properties, and, only after Debtor learned of Trustee's discoveries, Debtor filed amended

Schedules to list ownership in those properties. *See* Doc. No. 11 (the **"Amended Schedules"**) at p. 8 of 19.

12. According to its SOFA, Debtor had over $3 million in gross income in 2021 and over $1 million in gross income in 2022. [Doc. No. 1 at p. 25 of 42].

13. According to its Schedule E/F, Debtor stated that its largest creditors are Denise Chapman Mushegan and H. Alan Mushegan (the "**Creditors**") with a scheduled claim of $975,000.00. [Doc. No. 1 at p. 20 of 42]. Debtor's second largest scheduled claim is the claim of an insider, Jennifer Blomquist ("**Ms. Blomquist**") in the amount of $573,041.00 [Doc. No. 1 at p. 21 of 42].

14. Also in the Amended Schedules, Debtor added (for the first time) insider Mr. Blomquist as a creditor with an unliquidated claim of $420,000.00 and a reference to the claim being "Potentially Secured." Amended Schedules at p. 13 of 19.

15. Debtor and the Creditors were parties to a New Construction Contract for the Purchase and Sale of Residential Real Property, dated April 27, 2016 (the "**Construction Contract**") for the Debtor to construct a home for the Creditors (the "**Home**") at an address of 5020 Pindos Trail, Powder Springs, Georgia, 30127 (the "**Property**").

16. Prior to the Petition Date, Debtor was involved in litigation in the Superior Court of Cobb County Georgia styled as *Blomquist Builders Group, Inc. v. Denise Chapman Mushegan A/K/A Anita D. Chapman, And H. Alan Mushegan*, Civil Case Number: 18101356 (the "**Litigation**").

17. Debtor commenced the Litigation on or about February 23, 2018, when the Debtor sued the Creditors for defamation (after the Creditors created a website to publish statements or allegations concerning work that had been done to the Home and on the Property).

18. The Creditors filed their Answer and Counterclaim in the Litigation more than two years later on about September 22, 2020 – which was after the completion of discovery in the Litigation.

19. However, to be clear, upon review of the record in the Litigation, the Creditors filed their original answer and a counterclaim against the Debtor (only) on April 20, 2018. [*Blomquist Builders Group, Inc. v. Mushegan, et al.*, Civil Action No. 18-101356, Doc. No. 15, April 20, 2018].

20. On January 26, 2024, Creditors filed Proof of Claim number 1 asserting a general unsecured claim against the Debtor in the amount of $1,254,863.06 (the "**Claim**"). The Claim arises from the Counterclaims asserted by Creditors against Debtor in the Litigation. Creditors attached to their Claim: (i) a copy of their Counterclaims filed in the Litigation, and (ii) a calculation of alleged damages, inclusive of attorneys' fees in the amount of $228,398.20.

21. On March 13, 2024, Mr. Blomquist, Ms. Blomquist, Trustee, and the Creditors (the "**Parties**") filed a Joint Motion for Referral to Mediation [Doc. No. 26]. On March 22, 2024, the Court entered an Order Authorizing and Directing Mediation [Doc. No. 28] (the "**Mediation Order**") granting such motion and directing the Parties to mediate the issues and disputes presented in this case. After the mediation, the Court entered an Order [Doc. No. 32, the "**Settlement Order**"] which allowed the Ligation to continue.

22. In addition to allowing the Litigation to continue, the Settlement Order provided: "Following entry of this Order, the Blomquists along with all their affiliated entities, on the one hand, and the Trustee, on the other hand, agree to enter into a Tolling Agreement whereby the Trustee's deadline to pursue avoidance actions against the Blomquists or any of their affiliated entities under Chapter 5 of Title 11 of the United States Code is tolled."

23. Defendants have been sent a draft Tolling Agreement, but no Tolling Agreement has been executed.

24. On or about September 2, 2025, a jury in the Litigation found in favor of the Creditors and awarded $1,258,706.11 in damages and $1,134,903.81 in expenses.

25. During this Case, Mr. Blomquist and Blomquist Holdings have raised the following claims: "Debtor is listed as the owner on the real estate records of four parcels of real property that are subject to a purchase money resulting trust for the benefit of Blake Blomquist ("Blake"). Through two notes made between Debtor and Blake, in the amounts of roughly $2,750,000.00 and $1,570,730.50, Blake sent all of the funds required to close on Debtor's real estate to the closing agent for Blake's eventual benefit."  [Doc. No. 18 at ¶37].

26. Debtor did not attach the "two notes" it references and made no other showing of a "resulting trust" other than quoting from the applicable statute (O.C.G.A. § 52-12-131). Instead, Debtor alleged: "Creditors cannot benefit from the liquidation of Debtor's real property because Debtor's estate has a subordinate interest in that property to Blake."  Motion [Doc. No. 18 at ¶38.]

27. Defendants have made similar claims of resulting trust in Doc. No, 22, which is styled as Mr. Blomquist's Joinder and Brief in Support of Debtor's Motion to Dismiss (the "**Dismiss Joinder**")

28. In the Dismiss Joinder, Mr. Blomquist has acknowledged that, at the very least, the following properties (the "**Properties**") remain showing as being owned by the Debtor according to the real estate records:

111 Catesby Road, Powder Springs, GA (Lot 27 in Somerset Oaks)

5035 Pindos Trail, Powder Springs, GA (Lot 6 in Estates @ Cornerstone)\

5749 Sunburst Drive, Powder Springs, GA (Lot 66 in Somerset Oaks

29. Since these claims of a "resulting trust" have been alleged and since no Tolling Agreement has been executed as directed by the Court as required by the Settlement Order, Trustee is filing this declaratory judgment action to address the "resulting trust" issues raised by Defendants.

30. There is no document recorded in the Georgia real estate records to indicate that the Defendants have any interest in the Properties..

## COUNT I:
## DECLARATORY JUDGMENT TO DETERMINE THE VALIDITY, PRIORITY, AND EXTENT OF DEFENDANTS' CLAIMS TO PROPERTIES OWNED BY DEBTOR

31. Plaintiff realleges the allegations of paragraphs 1 through 30 above as though fully set forth herein.

32. This is a claim for declaratory relief brought under the provisions of 28 U.S.C. §§ 2201 and 2202 and Bankruptcy Rules 7001(2) and (9).

33. An actual controversy has arisen and now exists between Trustee and Defendants as to their legal rights and duties for which Trustee seeks a judicial declaration of rights as to such matters, as well as further necessary or proper relief.

34. There is a dispute surrounding the extent of Defendants' claims to ownership of properties owned by the Debtor or surrounding any claim of a resulting trust regarding any properties owned by the Debtor, particularly whether Defendants have an interest whatsoever on any properties titled in the name of the Debtor.

35. The short response to Debtor's assertion of a resulting trust is that, under Georgia law, a Chapter 7 trustee's position as a hypothetical bona fide purchaser defeats any unrecorded equitable interest in real estate. *See Anderson v. Briglevich*, 147 B.R. 1015, 1021-22 (Bankr. N.D. Ga. 1992); *Pettie v. Brannon (In re Brannon)*, 584 B.R. 417, 422-23 (Bankr. N.D. Ga. 2018).

36. Specifically, Trustee requests a determination that Defendants do not hold any interest in properties owned by the Debtor and that Trustee defeats any equitable claim asserted by Defendants in the Properties.

WHEREFORE, Trustee requests that the Court enter a judgment against Defendants:

(a) determining that Defendants do not hold any interest in the properties owned by the Debtor or by the Estate; and

(b) such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted this 21st day of September, 2025.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By:/s/ *Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
mbargar@rlkglaw.com
William D. Matthews
Georgia Bar No. 470865
wmatthews@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220