UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                            :        CASE NO.  23-59198-SMS
                                                  :
BLOMQUIST BUILDERS GROUP, INC.,                   :        CHAPTER 7
                                                  :
    Debtor.                     :
                                                  :

**MOTION FOR ORDER AUTHORIZING SETTLEMENT UNDER RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Blomquist Builders Group, Inc., by and through the undersigned counsel, and files his *Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"). In support of the Settlement Motion, Trustee respectfully shows the Court as follows:

**Jurisdiction and Venue**

1.        This Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure. This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

**Background**

2.        On September 21, 2023 (the "**Petition Date**"), Blomquist Builders Group, Inc. ("**Debtor**") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 23-59198-SMS (the "**Bankruptcy Case**").

3.     Trustee was thereafter appointed the duly acting Chapter 7 trustee in the Bankruptcy Case.

4.     On September 21, 2025, Trustee filed his Complaint (the "**Complaint**") against Estates at Cornerstone Community Association, Inc. ("**Cornerstone**") and initiated the adversary proceeding styled as *Hays v. Estates at Cornerstone* (Adv. Pro. No. 25-5174-SMS) (the "**Adversary Proceeding**").

5.     Trustee alleged that " Records obtained from Debtor and other sources indicate that [Cornerstone] owes Debtor $41,999.18 (the "**Payable Amount**"). In the Complaint, Trustee sough turnover of the Payable Amount to the Bankruptcy Estate under 11 U.S.C. § 542(a).

6.     Although Cornerstone has not answered the Complaint, Cornerstone disputes that Trustee is able to recover from Cornerstone the full Payable Amount on an immediate basis (the "**Payable Disputes**")

**The Settlement**

7.     Following negotiations, Trustee and Cornerstone (collectively, the "**Parties**") have entered into a Settlement Agreement (the "**Settlement Agreement**") through which Trustee will file a notice of dismissal of the Adversary Proceeding with prejudice following payments by Cornerstone in the total amount of $41,999.18, as described in more detail below. Trustee attaches a copy of the Settlement Agreement as Exhibit "A" to this Settlement Motion. Significant terms of the Settlement Agreement are as follows:[1]

---

[1]     The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

a. In resolution of the Payable Disputes, Cornerstone shall pay Trustee $41,999.18 in good funds (the "**Settlement Funds**") in accordance with the following schedule (the "**Scheduled Payments**"); [2]

b. Within five (5) days of the Settlement Approval Order becoming final, Cornerstone shall pay the sum of $10,000.00 to Truste in good funds;

c. On or before June 1, 2026, Cornerstone shall pay Trustee $15,999.59 in good funds;

d. On or before August 1, 2026, Cornerstone shall pay Trustee $15,999.59 in good funds in resolution of the Payable Disputes;

e. The Parties stipulate and agree that Cornerstone shall not have a claim in the Bankruptcy Case against the Bankruptcy Estate for or on account of payment of all or any portion of the Settlement Funds, or for any other reason, and that neither Cornerstone nor any of its affiliates, agents, principals, subsidiaries, heirs, or next of kin shall receive a distribution from the Bankruptcy Estate;

f. The Parties provide releases of claims;

g. Within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order or (b) Trustee's receiving the Settlement Funds from Cornerstone, Trustee shall file a Notice of Dismissal of the Adversary Proceeding with prejudice or, if necessary, Trustee and Cornerstone shall file a stipulation dismissing with prejudice the Adversary Proceeding.

## Relief Requested

8. By this Settlement Motion, Trustee requests that the Court approve the Settlement Agreement between the Parties.

## Basis for Relief

9. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to

---

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

3

approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).

10.     The proposed settlement between the Parties is the product of arms' length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

11.     The proposed settlement will allow Trustee to make a meaningful distribution to the holders of timely filed general unsecured claims in this Bankruptcy Case and avoid the costs and risks of litigating the Adversary Proceeding.

12.     Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee respectfully requests that the Court approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Court enter an Order (a) granting this Settlement Motion; (b) authorizing Trustee to take actions reasonably necessary to effectuate the

4

terms of the Settlement Agreement; and (c) granting to the parties such other and further relief as

the Court deems just and appropriate.

Respectfully submitted, this 17th day of March, 2026.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By:___*/s/ Michael J. Bargar*_____
Michael J. Bargar
Georgia Bar No. 645709
mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

**EXHIBIT "A" FOLLOWS**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") dated as of _____ march 6th _____, 2026 (the "**Effective Date**"), is entered between S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Blomquist Builders Group, Inc. ("**Debtor**"), and Estates at Cornerstone Community Association, Inc. ("**Cornerstone**"), a Georgia corporation.

### Background

1. On September 21, 2023 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**" or "**Court**"), initiating Chapter 7 Case No. 23-59198-SMS (the "**Bankruptcy Case**").

2. Trustee was thereafter appointed the duly acting Chapter 7 trustee in the Bankruptcy Case, and he remains in this role.

3. Upon Debtor's filing its voluntary bankruptcy petition under Chapter 7, the Bankruptcy Estate was formed, and it includes all of Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case. *See* 11 U.S.C. § 541(a)(1). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323.

4. On September 21, 2025, Trustee filed his Complaint (the "**Complaint**") against Cornerstone and initiated the adversary proceeding styled as *Hays v. Estates at Cornerstone Community Association, Inc.* (Adv. Pro. No. 25-5174-SMS) (the "**Adversary Proceeding**").

5. In the Complaint, Trustee alleged that "Records obtained from Debtor and other sources indicate that [Cornerstone] owes Debtor $41,999.18 (the "**Payable Amount**"). In the Complaint, Trustee sough turnover of the Payable Amount to the Bankruptcy Estate under 11 U.S.C. § 542(a).

6. Although Cornerstone has not answered the Complaint, Cornerstone disputes that Trustee is able to recover from Cornerstone the full Payable Amount on an immediate basis (the "**Payable Disputes**").

7. Following negotiations, Trustee and Cornerstone (collectively, the "**Parties**") have reached an agreement to resolve the Payable Disputes, subject to Bankruptcy Court approval.

Accordingly, the Parties agree as follows:

1. **Background.** The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2.      **Resolution of the Payable Disputes.**  Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree to resolve the claims and disputes between them as follows:

2.1.    *Approval of Proposed Settlement.*  Within five (5) business days after execution of this Agreement by each of the Parties, Trustee shall prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("**Settlement Approval Order**").

For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

2.2.    *Payment of Settlement Funds to Trustee.*  In resolution of the Payable Disputes, Cornerstone shall pay Trustee $41,999.18 in good funds (the "**Settlement Funds**") in accordance with the following schedule (the "**Scheduled Payments**"):

2.2.1.  $10,000.00 within five (5) days of the Settlement Approval Order becoming final;
2.2.2.  $15,999.59 on or before June 1, 2026; and
2.2.3.  $15,999.59 on or before August 1, 2026.

Cornerstone shall pay each of the Scheduled Payments by delivering a check in the appropriate amount and in good funds made payable to "S. Gregory Hays, Trustee (Bloomquist Builders)" and delivered to Trustee's attention as follows:

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Road, Suite 555
Atlanta, GA 30305-2153

2.3.    *Release by Trustee of Cornerstone.*  Effective upon later of: (a) the Settlement Approval Order becoming a final order or (b) Trustee's timely receipt of the Settlement Funds from Cornerstone, and except for the rights, duties, and obligations created or preserved under this Agreement, Trustee releases, acquits, and forever discharges Cornerstone from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have Cornerstone prior to the Effective Date.

2.4. *Release by Cornerstone of Trustee and the Bankruptcy Estate.* Effective upon the Settlement Approval Order becoming final, and except for the rights, duties, and obligations created or preserved under this Agreement, Cornerstone releases, acquits, and forever discharges Trustee and the Bankruptcy Estate and each and every past and present agent, servant, employee, representative and attorney of Trustee or the Bankruptcy Estate from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Cornerstone may have or claim to have against Trustee or the Bankruptcy Estate prior to the Effective Date.

2.5. *No Claim Against the Bankruptcy Estate.* The Parties stipulate and agree that Cornerstone shall not have a claim in the Bankruptcy Case against the Bankruptcy Estate for or on account of payment of all or any portion of the Settlement Funds, or for any other reason, and that neither Cornerstone nor any of its affiliates, agents, principals, subsidiaries, heirs, or next of kin shall receive a distribution from the Bankruptcy Estate.

2.6. *Dismissal of Adversary Proceeding.* Within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order or (b) Trustee's receiving the Settlement Funds from Cornerstone, Trustee shall file a Notice of Dismissal of the Adversary Proceeding with prejudice or, if necessary, Trustee and Cornerstone shall file a stipulation dismissing with prejudice the Adversary Proceeding.

3. **No Admissions.** The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any party or to any other persons.

4. **Entire Agreement; Modification.** The Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by Trustee and Cornerstone, and that any material amendment is subject to Bankruptcy Court approval.

5. **Voluntary Execution of Agreement.** The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either Trustee or

Cornerstone but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

6. **Authority of Parties.** The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

8. **No Assignment or Transfer of Released Claims.** Each Party represents and warrants that as of the date of the execution of this Agreement, it is the true and lawful owner of all right, title and interest in and to each and every Claim that will be released pursuant to this Agreement, and that it has not assigned or transferred or purported to assign or transfer, to any person, firm, corporation, association or any entity whatsoever, all or any part of the Claims.

9. **Definition of Claims.** The term "Claims" means all claims or causes of action that were asserted or could have been brought as of the Effective Date by or on behalf of any Party to this Agreement, either directly or indirectly, in respect of, in relation to, or in connection with the Bankruptcy Case or the Adversary Proceeding.

10. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

11. **Georgia Law Applicable.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

12. **Severability.** If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force.

13. **Notices.** Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed received: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to

such party at the address set forth below, three (3) days following the deposit of such notice in the mail.  Notices shall be sent to the parties as follows

13.1.   *If to Trustee*:

> Michael J. Bargar
> Rountree Leitman Klein & Geer LLC
> 2987 Clairmont Road, Suite 350
> Atlanta, GA 30329
> mbargar@rlkglaw.com (electronic mail)

13.2.   *If to Cornerstone*:

> Miye Johnson Yi
> Johnson Yi Lau, LLC
> 2180 Satellite Blvd.
> Suite 400
> Duluth, Georgia 30097
> myi@jyllegal.com (electronic mail)

The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

14.   **Restoration.**  In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

15.   **Parties to Bear Own Costs.**  Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

[INTENTIONALLY LEFT BLANK]

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

S. Gregory Hays, as and only as
Chapter 7 Trustee for the bankruptcy estate of
Blomquist Builders, Inc. (Case No. 23-59198-SMS)

Dated: 3-6-2026

**ESTATES AT CORNERSTONE COMMUNITY ASSOCIATION, INC.**

By: Jennifer Blomquist
[Printed name]

Its: Declarant for Estates at Cornerstone Community Association, Inc
[Corporate Capacity]

Dated: March 6, 2026

Signature: Jennifer Blomquist (Mar 6, 2026 13 02 01 CST)
Email: receivablesblomquist@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the *Motion for Order Authorizing Settlement*

*under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class, United States mail,

with postage prepaid fully thereon, to the following parties:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Miye Johnson Yi
Johnson Yi Lau, LLC
2180 Satellite Blvd.
Suite 400
Duluth, Georgia 30097

Blomquist Builders Group, Inc.
Attn: Jennifer Blomquist
3478 Rabbit Run
Acworth, GA 30101

This is to certify that I have this day electronically filed the foregoing *Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program

- **Evan M. Altman**    evan.altman@laslawgroup.com, soraya.hedjazi@laslawgroup.com
- **Ian M. Falcone**    legalassistant@falconefirm.com;Falcone.IanB103925@notify.bestcase.com
- **Miye Johnson Yi**    myi@jyllegal.com
- **David King**    david@burkhalterlawllc.com
- **William Dale Matthews**    wmatthews@rlkglaw.com, wmatthews@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;emiller@rlkglaw.com;swenger@rlkglaw.com;emillerrlkg@ecf.courtdrive.com
- **G. Frank Nason**    fnason@lcenlaw.com, emiller@lcenlaw.com;emiller_169@ecf.courtdrive.com;fnason@ecf.courtdrive.com
- **Office of the United States Trustee**    ustpregion21.at.ecf@usdoj.gov

- **Leslie M. Pineyro**     lpineyro@joneswalden.com,
  jwdistribution@joneswalden.com;ljones@joneswalden.com;cmccord@joneswalden.com;
  ewooden@joneswalden.com;bdernus@joneswalden.com

This 17th day of March, 2026.

/s/ *Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709